**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| In re ) | |
| ) | |
| David Laurence Long ) | |
| ) | No. 25−11590−KHK |
| Debtor. ) | Chapter 13 |
| ) | |

### OBJECTION TO PROOF OF CLAIM NO. 8 FILED BY Whitbeck Bennett, AND NOTICE THEREOF

**PLEASE TAKE NOTICE that the Debtor, through counsel, has filed an Objection to Claim No. 8 filed by Whitbeck Bennett (as on the docket, or WhitbeckBeglis PLLC on the proof of claim) this bankruptcy case. A copy of the Objection is being served on you with this Notice.**

**<u>Your claim may be reduced, modified, or eliminated</u>. You should read these papers carefully and discuss them with your attorney, if you have one.**

**If you do not want the court to eliminate or change your claim, then on or before November 22, 2025 you or your lawyer must file with the court a written response to the objection, explaining your position, at: Clerk, U.S. Bankruptcy Court for the Eastern District of Virginia, 200 South Washington Street, Alexandria, VA 22320.**

**If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above. You must also send a copy to:**

> **Daniel M. Press**
> **Chung & Press, P.C.**
> **6718 Whittier Ave., Suite 200**
> **McLean, VA 22101**

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.**

**NOTICE**
**UNDER LOCAL BANKRUPTCY RULE 3007-1, UNLESS A WRITTEN RESPONSE IN OPPOSITION AND A REQUEST FOR HEARING ON THIS OBJECTION ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY WITHIN 30 DAYS OF THE SERVICE OF THIS OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED, AND ENTER AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT A HEARING.**

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

`Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007, David Laurence Long, Debtor (the "Debtor"), objects to Proof of Claim No. 8 filed by the Whitbeck Bennett as follows:

1.     Jurisdiction over this matter is proper pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under Title 11 or arising in a case under Title 11. As a matter concerning the allowance or disallowance of claim, this constitutes a core proceeding. 28 U.S.C. § 157(b)(2)(B).

2.     The claim is unenforceable against the debtor and property of the debtor, under applicable law under 11 U.S.C. § 502(b)(1).

3.     The alleged debt, on its face, is time-barred by Virginia's 3-year statute of limitations. The invoices show a last charge on 7/29/22 for email with client (which was likely a collection effort, not part of the services rendered), and before that the last charge was 4/8/22, with the invoice rendered on 4/30/22. This case was filed more than 3 years later, on August 5, 2025.

4.     The subsequent charges are for litigation filed by claimant against Debtor in the Loudoun County General District Court. Those charges are not recoverable under the American Rule, and in any event do not extend the statute of limitations.

5.     Furthermore, that case was dismissed with prejudice at the hearing (although the docket says without prejudice, it is believed that was a clerical error).

6.     The Proof of Claim does not satisfy Rule 3001(c)(1) in that no writing on which the claim is based is attached. Rule 3001(c)(3) provides:

> If the debtor is an individual and a claim holder fails to provide any information required by (1) or (2), the court may, after notice and a hearing, take one or both

2

of these actions:

    (A) preclude the holder from presenting the information in any form as evidence in any contested matter or adversary proceeding in the case—unless the court determines that the failure is substantially justified or is harmless; and

    (B) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

7. A proof of claim lacking documentation, even prior to the amendments to Rule 3001, has been held not to be entitled to any presumption of validity under Rule 3001(f). The invoices attached to this proof of claim do not even satisfy the standard set forth in *In re Josephine McCarthy*, No. 04-10493-SSM (Bankr. E.D. Va., July 14, 2004), *citing In re Henry*, 331 B.R. 813 (Bankr. W.D. Wash. 2004) ((i) a sufficient number of monthly account statements to show how the total amount asserted has been calculated, and (ii) a ***copy of the agreement authorizing the charges and fees included in the claim***). No retainer agreement or other written agreement was attached.

8. The effect of Rule 3001(c)(3) (formerly 3001(c)(2)(D)), precluding the holder from presenting the omitted information, must be to disallow the claim. While prior to 2011 amendment of the Rule, the failure to attach writings to a proof of claim alone did not compel disallowance of the claim, but an unsubstantiated claim was considered facially defective and not entitled to the presumption of validity. *See McCarthy, supra. See also In re Consolidated Pioneer Mortgage*, 178 B.R. 222 (B.A.P. 9th Cir. 1995); *In re Chain*, 255 B.R. 278 (Bankr. D. Conn. 2000*); eCast Settlement Corp. v. Tran (In re Tran),* 369 B.R. 312, 318 (S.D. Tex. 2007); *In re Lindelt Drop Forge Co.,* 111 B.R. 137 (Bankr. W.D. Mich. 1990). Without this presumption, a facially defective claim provides evidence to "dispute its own validity" and should be disallowed upon a general objection. *King, supra*. When claims based on a writing are submitted

3

without documentation and without itemization, the purpose of Rule 3001 is subverted as the parties charged with policing the claims process are denied necessary information. *In re Trail Ends Lodge Inc.*, 51 B.R. 209 (D. Vt. 1985). In addition, affording prima facie validity to such claims can only "lead to abuses of the claim system." *Circle J. Dairy*, 112 B.R. at 301. Strict compliance with Rule 3001 is necessary to ensure that an appropriate "sifting process" occurs in the evaluation of claims, otherwise "unmeritorious or excessive claims might dilute the participation of the legitimate claimants." *Gardner v. State of N.J.*, 329 U.S. 565 (1947). Prior to the amendment of the Rules, the creditor could still come forward and prove its claim with competent, admissible evidence, just without the presumption. But in light of the amended Rule, that evidence is now inadmissible. Accordingly, the claim is unenforceable under 11 U.S.C. § 502(b)(1), and Debtor's objection must be sustained.

9. Furthermore, Debtor was in bankruptcy (No. 21−11113−KHK, filed 6/21/21, dismissed 2/23/23) at the time the invoices were rendered, so they violated the automatic stay, and Plaintiff should have but failed to seek approval for the representation by the bankruptcy court, and failed to get its fees approved by this court as required.

10. The fees as charged were unreasonable for the work performed.

11. In any event, the Debt is time barred and the Debtor does not owe the money, so the claim must be disallowed.

4

WHEREFORE, the Debtor respectfully objects to Claim #8 under 11 U.S.C. § 502(b)(1) and requests that the claim be disallowed in its entirety.

Dated:   October 23, 2025.

Respectfully submitted,

 /s/ Daniel M. Press
Daniel M. Press, VSB 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com
Counsel for Debtor

## CERTIFICATE OF SERVICE

      This is to certify that on this 23rd day of October, 2025, I caused to be served the foregoing Objection to Claim on the Chapter 13 Trustee and all parties requesting notice by CM/ECF, and by first class mail, postage prepaid, upon:

    Robert D. Moreton
    WhitbeckBeglis PLLC
    120 Edwards Ferry Rd NE
    Leesburg, VA 20176

                                      /s/ Daniel M. Press
                                    Daniel M. Press, VSB 37123
                                    Chung & Press, P.C.
                                    6718 Whittier Ave., Suite 200
                                    McLean, VA 22101
                                    (703) 734-3800
                                    (703) 734-0590 fax
                                    dpress@chung-press.com