UNITED STATES BANKRUPTCY COURT

FOR THE

EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

In the Matter of:

David Laurence Long | Chapter 13

Case No. 25-11590-KHK

Debtor(s)

# ORDER CONFIRMING PLAN

The Chapter 13 Plan (the "**Plan**") filed by the debtor (s) on October 24, 2025, replacing all previously filed plans, if any, having been transmitted to all creditors; and it having been determined that the Plan meets each of the requirements of 11 U.S.C. § 1325(a);

**NOTICE: THIS ORDER CONTAINS NONSTANDARD PROVISION AT (9)**

**It is ORDERED that:**

(1)  The Plan as filed or modified is CONFIRMED.

(2)  The debtor(s) shall obtain Court approval of the following transactions, upon a motion that provides notice to the Chapter 13 Trustee and all necessary parties and discloses completely the transaction's proposed terms:

   a) the voluntary incurrence of new debt, whether secured or unsecured, that causes the debtor's(s') total principal amount borrowed post-petition to exceed $15,000 at any point in time;
   b) the transfer or sale of real or personal property with a value that exceeds $15,000;
   c) the refinance or modification of a loan secured by real or personal property, and
   d) the encumbrance of real or personal property.

(3)  The debtor(s) shall disclose the acquisition of real or personal property with a value that exceeds $15,000.

(4)  All funds received by the Chapter 13 Trustee on or before the date of an order of dismissal shall be disbursed to creditors, unless such

**Order Confirming Plan**
David Laurence Long
**Case #25-11590-KHK**

        disbursement would be de minimis, in which case the funds may be disbursed to the Debtor(s) or paid into the Treasury registry fund account of the Court, at the discretion of the Trustee.

        All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal shall be refunded to the Debtor(s) at their address of record.

        All undisbursed funds on deposit with the Chapter 13 Trustee on or after the date of an order of conversion shall be disbursed to the Debtor.

(5)    The holder of each secured claim provided for in paragraphs 4A or 4D of the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under nonbankruptcy law or (ii) discharge under § 1328 or (iii) such lien is otherwise avoided by separate Court order entered in this case or associated adversary proceeding. If this case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law.

(6)    The Debtor(s) shall provide copies of tax returns to the Chapter 13 Trustee upon request.

(7)    In any chapter 13 case (1) that involves any claim that is secured by a security interest in the debtor's principal residence for which the plan provides that either the trustee or debtor will make contractual installment payments and (2) where there is no order terminating or annulling the automatic stay related to such claim, the debtor(s) shall file, within 30 days of completion of the plan payments due under the terms of any confirmed plan, a certification (in addition to the certification required under LBR 4008-2(A)) as to whether all contractual installment payments due during the life of the case have been made. If the debtor fails to timely file a certification, or if the debtor's certification states that not all contractual installment payments were made during the Chapter 13 case, the standing trustee shall file a motion to dismiss without a discharge.

(8)    To the extent property of Debtor(s) remains vested in the estate pursuant to Section 10 of the Plan, Debtor(s) shall have sole and exclusive responsibility for maintenance and insurance of that property, and for payment of any ad valorem or other taxes that arise post-petition.

(9)    Other Provisions.

**Order Confirming Plan**
David Laurence Long
**Case #25-11590-KHK**

      This case shall be converted to one under Chapter 7 upon Trustee's Certification, filed with the Court, of any Plan default of more than 30 days duration. Upon the filing of a Certification of Default, the Court will enter an Order of Conversion unless Debtor has, within seven (7) days of its filing, filed a Motion for Voluntary Dismissal. In that event the Court will enter an Order of Dismissal with a bar to Debtor's refiling bankruptcy for a period of one (1) year.

Dated: Dec 11 2025

/s/ Klinette H Kindred
Klinette H. Kindred
United States Bankruptcy Judge

Confirmation Recommended.

Entered On Docket: Dec 11 2025

_/s/ Thomas P. Gorman_____
Thomas P. Gorman
Chapter 13 Trustee
1414 Prince Street, Suite 202
Alexandria, VA 22314
(703) 836-2226


SEEN and AGREED:

__/s/ Daniel M. Press_____
Daniel M. Press
Chung & Press
6718 Whittier Ave. #200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

**Order Confirming Plan**
David Laurence Long
**Case #25-11590-KHK**

Local Rule 9022-1(C) Certification

The foregoing Order was signed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/ Thomas P. Gorman
Thomas P. Gorman, Chapter 13 Trustee

**PARTIES TO RECEIVE COPIES**

David Laurence Long
Chapter 13 Debtor
42666 Frontier Dr
Ashburn, Va 20148

Daniel M. Press, Esquire
Attorney for Debtor
Chung & Press, P.c.
6718 Whittier Ave. Ste. 200
Mclean, Va 22101

Thomas P. Gorman
Chapter 13 Trustee
1414 Prince Street, Suite 202
Alexandria, VA  22314

United States Bankruptcy Court

Eastern District of Virginia

| | |
|---|---|
| In re: | Case No. 25-11590-KHK |
| David Laurence Long | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0422-9 | User: LaurenLaf | Page 1 of 2 |
| Date Rcvd: Dec 11, 2025 | Form ID: pdford3 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 13, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | David Laurence Long, 42666 Frontier Dr, Ashburn, VA 20148-7207 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2025                    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 11, 2025 at the address(es) listed below:**

**Name**    **Email Address**

Andrew Todd Rich
on behalf of Creditor Commonwealth of Virginia Dept. of Social Services, Division of Child Support Enforcement trich@oag.state.va.us, bankruptcy@dss.virginia.gov

Bradley M. Barna
on behalf of Creditor Brambleton Community Association bbarna@chadwickwashington.com

Daniel M. Press
on behalf of Debtor David Laurence Long dpress@chung-press.com pressdm@gmail.com;danpress@recap.email

Elizabeth H. Parrott
on behalf of Creditor US Bank Trust National Association not in its individual capacity, but solely as Delaware trustee for GS Mortgage-Backed Securities Trust 2025-SJ1 Elizabeth.Parrott@mccalla.com, mccallaecf@ecf.courtdrive.com

Maria A. Tsagaris
on behalf of Creditor US Bank Trust National Association not in its individual capacity, but solely as Delaware trustee for GS Mortgage-Backed Securities Trust 2025-SJ1 maria.tsagaris@mccalla.com, mccallaecf@ecf.courtdrive.com

District/off: 0422-9     User: LaurenLaf     Page 2 of 2
Date Rcvd: Dec 11, 2025     Form ID: pdford3     Total Noticed: 1

Matthew W. Cheney
    ustpregion04.ax.ecf@usdoj.gov

Paul Wilfred Cervenka
    on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing paul.cervenka@bonialpc.com
    Notices.Bonial@ecf.courtdrive.com

Radostina Petkova Estevao
    on behalf of Creditor County of Loudoun VA tina.estevao@loudoun.gov

Thomas P. Gorman
    ch13alex@gmail.com tgorman26@gmail.com

TOTAL: 9